IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lindsey Howell, *a/k/a Wallace Lindsey Howell*,<br><br>            Plaintiff,<br><br>   v.<br><br>Upgrade Inc.,<br><br>            Defendant. | Case No. 6:24-cv-04228-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss filed by Defendant [Doc. 26] and two motions filed by Plaintiff related to a Text Order entered by this Court [Docs. 73; 76]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On January 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion be granted in part and denied in part and that the remaining state law claim be remanded. [Doc. 57.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 25.] Plaintiff filed objections to the Report on February 12, 2025. [Doc. 72.] On February 21, 2025, Plaintiff filed a motion to alter or amend a February 6, 2025, Text Order entered by the Court (the "February Text Order") [Doc. 73], and on May 21, 2025, Plaintiff filed a motion for clarification of the February Text Order [Doc. 76.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiff, proceeding pro se, filed a 46-page Second Amended Complaint on October 3, 2024, alleging that "[o]n or about July 15, 2022, Plaintiff applied for and received a loan from [Defendant] through an online application process facilitated by Credit Karma" and "[o]n information and belief and subject to discovery, [Defendant] approved the loan within less than three minutes using computer algorithms without any human involvement or adequate verification of Plaintiff's financial situation." [Doc. 22 ¶¶ 17–18.] Plaintiff further alleges that he made monthly payments from July 2022 until January 2024, at which point he could no longer afford the payments. [*Id*. ¶

31.] Upon Plaintiff's default on the loan, Defendant reported the debt and noted it as disputed on Plaintiff's credit report, causing Plaintiff's credit score to drop significantly. [*Id*. ¶ 32.] Plaintiff asserts a variety of consumer-protection-related claims with the aim of "ensuring that others, particularly vulnerable consumers, are not subjected to unfair and deceptive practices." [*Id*. ¶ 1.] The Second Amended Complaint includes causes of action for violation of the Truth in Lending Act ("TILA"), violation of the Equal Credit Opportunity Act ("ECOA"), violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), violation of various consumer financial protection laws, violation of the Fair Credit Reporting Act ("FCRA"), breach of fiduciary duty, fraud or misrepresentation, violation of state lending laws, unjust enrichment, breach of implied covenant of good faith and fair dealing, and negligence [*Id*. ¶¶ 47–151.]

## DISCUSSION

**The Magistrate Judge's Recommendations**

The Magistrate Judge recommends granting Defendant's motion to dismiss on each of Plaintiff's causes of action except Plaintiff's claim for breach of implied covenant of good faith and fair dealing, which the Magistrate Judge liberally construed as a breach of contract claim for breach of the implied covenant of good faith and fair dealing,[1] and remanding that claim to state court. [Doc. 57.] The Magistrate Judge concluded that Plaintiff's TILA claim is barred by the statute of limitations; Plaintiff fails to allege the third element of his ECOA claim because his credit application was not rejected; Plaintiff's FCRA claim fails to allege with particularity any information Defendant reported to a

---

[1] As the Magistrate Judge explained, South Carolina does not recognize an independent cause of action for breach of implied covenant of good faith separate from a breach of contract claim. [Doc. 57 at 2.]

consumer reporting agency that would violate the FCRA; the consumer protection laws claim fails because the laws pled do not create a private cause of action or because Plaintiff fails to adequately allege the requisite types of acts under those laws; Plaintiff does not allege actual damages or public impact to support his SCUTPA claim; no fiduciary duty exists between a bank and its customer; Plaintiff fails to plead a fraudulent misstatement; Plaintiff fails to plead a violation of state lending laws beyond a blanket citation to the code; Plaintiff's unjust enrichment claim fails because it would not be inequitable for Defendant to retain the alleged benefit; and Plaintiff's negligence claim is barred by the economic loss rule.[2]  [*Id*. at 6–22.]

As to Plaintiff's breach of contract claim, the Magistrate Judge concluded that Plaintiff's allegations that the manner in which the contract was executed and enforced was unfair and abusive are sufficient at this stage to plead a claim for breach of the implied covenant of good faith and fair dealing.[3]  [*Id*. at 21–22.]  However, because this breach of contract claim would be the only remaining claim if the other recommendations are accepted and the claim regarding a $9,000 loan would not meet the amount-in-controversy requirements to establish diversity jurisdiction under 28 U.S.C. § 1332, the Magistrate Judge recommends that this Court decline to exercise supplemental

---

[2] The Magistrate Judge also concluded that Plaintiff has pled personal jurisdiction sufficient to survive a motion to dismiss. [Doc. 57 at 3–6.]

[3] Defendant has not filed objections to the Report and thus does not object to the Magistrate Judge's recommendations that Plaintiff has pled personal jurisdiction or that the Court should deny Defendant's motion to dismiss as to Plaintiff's breach of contract claim.  The Court has reviewed the Report, the record, and the applicable law regarding these conclusions.  Having found no clear error, the Court accepts the Report with respect to the recommendation that Plaintiff has adequately pled personal jurisdiction and that Defendant's motion to dismiss be denied as to Plaintiff's claim for breach of contract.

jurisdiction over the claim and remand Plaintiff's breach of contract claim to state court because there are no special circumstances to justify extending supplemental jurisdiction over it. [*Id*. at 22–23.]

**Plaintiff's Objections**

In his objections, Plaintiff argues that the Report "stem[s] from fundamental misapplications of the motion to dismiss standard, particularly as it applies to pro se pleadings, and reflects several significant errors in analyzing both federal and state consumer protection laws." [Doc. 72 at 14.] Plaintiff also argues that Defendant's filings are void because Defendant's counsel failed to file a notice of appearance in federal court. [*Id*. at 1–13.] Finally, Plaintiff puts forward specific arguments related to each of his individual claims by providing numerous case citations that seemingly contradict the Magistrate Judge's legal conclusions and analysis of the Second Amended Complaint. [*Id*. at 20–32.]

**Analysis**

After a careful review of the Report, the record, and the applicable law, the Court concludes that Plaintiff's objections to the Report's recommendations, liberally construed, fail to address the Magistrate Judge's legal analysis or conclusions. However, out of an abundance of caution, the Court has identified a few of Plaintiff's objections that it will address. To begin, Plaintiff utilizes a large portion of his objections to re-hash his previous argument that Defendant's filings, including its motion to dismiss, are void because they were filed in violation of mandatory federal procedural rules related to court appearances. [*See* Doc. 72 at 1–13.] As this Court has already ruled in the February Text Order, Defendant has complied with all applicable federal rules in making appearances in this

case [*see* Doc. 70], and Plaintiff's objections to this effect are accordingly overruled.[4] Plaintiff also argues that the Report dismisses several of Plaintiff's allegations as conclusory or speculative, such as his allegation that Defendant approved the loan within less than three minutes and his allegation that "Defendant did not request any additional documentation from Plaintiff to verify income, assets, or existing debts beyond the basic information provided in the online application." [*See* Doc. 72 at 17 (citing Doc. 1 ¶¶ 18, 19); *see also id*. at 18 (citing "detailed allegations about the impact of automated lending systems on elderly borrowers").] However, the Court is unable to locate where in the Report the Magistrate Judge dismissed these allegations as conclusory or speculative and, regardless, the Court concludes that these factual issues do not affect the Magistrate Judge's legal conclusions as described above. The Court therefore overrules these objections.

Plaintiff's attempt at specific objections to the Magistrate Judge's conclusions on his individual claims fares no better. In fact, the majority of his objections rely on incorrect legal statements that are not supported by the cases he cites.[5] Plaintiff also fails to

---

[4] For this same reason, Plaintiff's pending motions to alter or amend and to clarify the February Text Order [Docs. 73; 76] fail to satisfy the standard set forth in Rule 54(b) of the Federal Rules of Civil Procedure and are accordingly denied. *See South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) ("[R]econsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice.").

[5] Almost every case cited by Plaintiff either does not exist, does not support the legal proposition it purports to support, or is irrelevant to the Magistrate Judge's legal conclusions. [*See, e.g.*, Doc. 72 at 24 (listing a citation to *Hayes v. Self-Help Credit Union*, 781 F. App'x. 220, 226 (4th Cir. 2019), a case that does not exists at that citation); *id*. (listing a citation to *Clark v. Trans Union, LLC*, 23 F.4th 371, 375 (4th Cir. 2022), a case that does not exist at that citation); *id*. at 25 (listing a citation to *Stiltner v. Genesis Healthcare Corp.*, 22 F.4th 469, 473 (4th Cir. 2022), a case that does not exist at that

6

provide any specific objections to the Magistrate Judge's recommendations on his breach of fiduciary duty, fraud or misrepresentation, violation of state lending laws, and unjust enrichment claims.[6]  And, as to Plaintiff's breach of implied covenant of good faith and fair dealing—which the Magistrate Judge liberally construed as a breach of contract claim for breach of the implied covenant—Plaintiff seems to misunderstand that the Magistrate Judge recommends *denial* of Defendant's motion to dismiss as to this claim.  [Doc. 72 at 26–27.]  Accordingly, to the extent Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff failed to state a breach of contract claim, those objections are overruled.

Lastly, because the Magistrate Judge recommends granting Defendant's motion to dismiss on every claim except the state law breach of contract claim, the Magistrate Judge further recommends that this Court decline to exercise supplemental jurisdiction

---

citation); *id*. at 24 (listing a citation to *Dalton v. Cap. Associated Indus.*, 257 F.3d 409 (4th Cir. 2001), which irrelevantly held that the summary judgment record in that case was sufficient to create a triable issue on the accuracy of a criminal background check when the report indicated that the plaintiff had been convicted of a felony instead of a misdemeanor); *id*. at 22 (listing a citation to *Texas Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015), a housing discrimination action brought under Fair Housing Act); *id*. at 23 (listing a citation to *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412 (4th Cir. 2015), an action alleging violation of Sherman Antitrust Act).]  The Court warns Plaintiff that although he is afforded some leniency due to his pro se status, he nevertheless has an obligation to ensure accurate citations and representations of legal authority to the Court.  See *Katti v. Moore*, No. 3:06cv471, 2006 WL 3424253, at *5 (E.D. Va. Nov. 22, 2006) ("[W]hile a pro se party should be granted a degree of indulgence greater than a practicing attorney, a *pro se* party still must abide by the clear requirements of Rule 11 [of the Federal Rules of Civil Procedure]." (internal citation omitted)).  Failure to do so in future filings may subject Plaintiff to sanctions under Rule 11.

[6] The Court has reviewed the Report, the record, and the applicable law regarding those claims.  Having found no clear error, the Court accepts the Report with respect to the recommendations that those claims be dismissed.

7

and remand the breach of contract claim to state court. [Doc. 57 at 22–23.] In his objections, Plaintiff argues that this Court should retain jurisdiction because substantial judicial resources have already been invested because this case is at the pleading stage, remand would inefficiently split related claims between federal and state courts, and federal courts have a strong interest in consumer protection. [Doc. 72 at 29–32.] However, as Plaintiff explicitly acknowledges, supplemental jurisdiction is well within the discretion of the court. [*Id*. at 29]; *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (holding that courts have "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished"). The Court disagrees with Plaintiff that substantial judicial resources have been expended at the pleading stage, *see, e.g.*, *LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 589 (S.D.N.Y. 2017) ("[J]udicial economy tilts in favor of declining supplemental jurisdiction, because this case has not yet moved past the pleadings stage."). Further, because the Court accepts the Magistrate Judge's recommendation that Plaintiff's remaining claims be dismissed, it does not agree that remand would result in inefficient splitting of claims between federal and state courts, regardless of federal courts' general interest in consumer protection. Accordingly, Plaintiff's objections regarding supplemental jurisdiction are overruled.

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendant's motion to dismiss [Doc. 26] is GRANTED IN PART and DENIED IN PART, and Plaintiff's remaining breach of contract claim is REMANDED to the Greenville County Court of

Common Pleas.  Further, Plaintiff's motion to alter or amend the February Text Order [Doc. 73] and motion for clarification of the February Text Order [Doc. 76] are DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

June 3, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.